SNYDER and others, Appellants, vs. SNYDER and another, Respondents.

*May 2 — May 20, 1890.*

*Parent and child: Parol agreement to convey or devise land: Specific performance.*

A father, after the marriage of his son A., gave him the possession and use of a farm, with the understanding that if he worked it and conducted himself properly it should be devised to him upon the death of the father. After occupying the land for a number of years and having made improvements of the value of $100, A. died. The land was then worth about $4,000. An equal division of the father's estate at that time among his children would have given A. about $3,500. After A.'s death, the father placed another son, G., in possession of the farm, and thereafter, until his own death, used the income of $3,500 in support of A.'s widow and children, and by his will bequeathed that sum to said children, who, by their guardian, accepted the bequest. The farm was devised to G., who had made improvements thereon of the value of about $3,500. *Held,* that there was no agreement to convey the land to A. which could be enforced in favor of his widow or children.

APPEAL from the Circuit Court for *Waukesha* County. The facts are stated in the opinion. The plaintiffs appeal from a judgment in favor of the defendants.

The cause was submitted for the appellants on the brief of *Carney & Ryan,* and for the respondents on that of *Sumner & Tullar.*

To the point that a parol promise by father to son to convey to him certain land if he would take possession and improve it would be enforced if the son, relying upon such promise, entered upon the land and expended money, work, etc., thereon, counsel for the appellants cited 2 Bing. Real Prop. 318–323; 3 id. 211; *Lobdell v. Lobdell,* 32 How. Pr. 1; *S. C.* 33 id. 347; *S. C.* 36 N. Y. 327; *Freeman v. Freeman,* 51 Barb. 306; *S. C.* 43 N. Y. 34; *Bright v. Bright,* 41 Ill. 97; *Langston v. Bates,* 84 id. 524; *Ungley v. Ungley,* 19 Eng. (Moak), 678; *S. C.* 22 id. 535; *Neales v. Neales,* 9 Wall. 1.

TAYLOR, J. This action was commenced in the circuit court by the plaintiffs and appellants, against the defendants and respondents, for the purpose of enforcing the specific performance of an alleged parol contract for the conveyance of a specific parcel of land of the alleged value of $8,000. The plaintiff *Theresa Snyder* is the widow of Anthony Snyder, deceased, who died intestate in 1875. The other plaintiffs, *Catharine*, *Susan*, and *Mary Snyder*, are children of the said *Theresa* and Anthony. The defendant *Andrew Snyder, Jr.*, is the executor of the last will and testament of Andrew Snyder, Sr., also deceased, who died in 1887. Andrew Snyder, Sr., was the father of Anthony Snyder, deceased, the husband of the plaintiff *Theresa Snyder*, to whom she was married in 1870. The material allegations in the complaint are the following, viz.:

That soon after the marriage of said Anthony and *Theresa* the said Andrew Snyder, Sr., purchased the eighty acres of land in controversy in his own name, and paid for it with his own money, but it is alleged that he bought it for said Anthony Snyder, and, in consideration of love and natural affection, and services already performed since attaining his majority, and other valuable considerations, the said Andrew Snyder surrendered possession thereof to the said Anthony Snyder, and promised and agreed to make and deliver to him a good and sufficient deed of conveyance of all said premises, if he would work the same and improve it as his own premises. "That, relying on such promises, the said Anthony Snyder, with his family, then took possession of such premises, and worked and improved the same for several years, paid the taxes thereon, cleared and reclaimed the lands for cultivation at great labor and expense, constructed fences, erected valuable buildings, and made other permanent improvements on said premises, thereby greatly increasing the real value thereof, and all this time so managed and controlled and improved said premises, without

let or hindrance from any one, the same as if they were his own property. That said Anthony Snyder was accidentally killed on or about the 26th day of September, A. D. 1875,. while in the operation and possession of said premises as aforesaid, leaving the plaintiff *Theresa Snyder*, his widow, and the said other plaintiffs, his heirs at law, surviving him in the possession of such premises. That after the death of the said Anthony Snyder, the said defendant executor, *Andrew Snyder, Jr.*, was duly appointed the general guardian of said aforesaid minor plaintiffs, and on their behalf and for them, jointly with the other plaintiff in this action, took possession of and managed said premises for them as such general guardian. That after the decease of the said Anthony Snyder, and after the appointment of the said guardian for said minors, the said Andrew Snyder, Sr., died seised of said premises, and without having executed a conveyance thereof to the said Anthony Snyder or his heirs at law, or to any person for them, and that all the plaintiffs have been excluded therefrom, and denied the possession thereof, by such defendant executor. That the said *Andrew Snyder, Jr.*, is the executor of the last will and testament of the said Andrew Snyder, Sr., deceased, duly qualified and acting as such executor under letters issued in that regard out of the county court of said county of Waukesha. That by reason of the several premises aforesaid, the said minor plaintiffs are entitled to a deed of conveyance in fee of the said described real estate, and the other plaintiff is entitled to her dower. and statutory rights therein as the widow of said Anthony Snyder, deceased."

The material allegations of the complaint are denied by the answer.

The evidence shows that soon after the purchase of said land by Andrew Snyder, Sr., Anthony and his wife went into the actual possession of said land, and cultivated the same for their own use until the death of Anthony in 1875;

that while he was so in possession he made improvements thereon of the value of $100 or thereabouts; that, soon after the death of Anthony, Andrew, Sr., took possession of the land, and leased the same, and provided to some extent for the support of *Theresa* and her children. In 1878, Andrew Snyder, Sr., put his son *George* in possession of said land, and *George* remained in possession until the death of his father, Andrew, Sr., in 1887, and while he was so in possession he made permanent improvements thereon of the value of about $3,500. At the death of said Andrew Snyder, Sr., the land, with its improvements, was worth $8,000; and at the date of the death of Anthony Snyder, in 1875, the land and improvements were worth about $4,000. In 1883 the said Andrew Snyder, Sr., made his last will, by which he devised the said eighty acres of land to his son *George Snyder*, and by the same will he bequeathed to his grand-daughters, the three children of *Theresa*, plaintiffs in this action, the sum of $3,500, to be paid when they should arrive at the age of twenty-one years, respectively; and he also, by his said will, directed his son, *Andrew Snyder, Jr.*, to pay interest annually at the rate of four per cent. per annum on the sum of $3,500 bequeathed by him to his grandchildren, *Catharine, Susan*, and *Mary Snyder*, for their support until they should arrive at the age of twenty-one years respectively. When this will was probated the general guardian of the said grandchildren notified the executor that he should hold him liable to pay said legacies to the said grandchildren according to the terms of said will.

On the trial there was considerable evidence showing that the father of Anthony had frequently stated that he purchased the eighty acres for his son Anthony, and gave it to him, or intended to give it to him; but the general tendency of the evidence went to establish the contention made by the defendant, that the land which Anthony and his other sons had in their possession should be held by the

father, Andrew, Sr., until his death, and then he would devise the land so held by them, if they conducted themselves satisfactorily to him.   The evidence also tends to show that the $3,500 bequeathed to his grandchildren was a reasonable provision for them, estimating the value of his property at the death of his son Anthony.

The learned circuit judge found, among other things, that, at the time of the death of Anthony, "his father, Andrew, Sr., determined to treat the widow and children of his said deceased son as entitled to the use and benefit of what he then considered an equal share of his property, viz., $3,500, and that he would hold said sum of $3,500 in trust for their joint use and benefit during his life-time, to be used and managed by himself, and the income thereof to be expended for them by and under his own direction, and that said sum would go to the said children of his deceased son as a legacy at his death, which determination was duly carried out, as well during his life-time as at his decease."   To this finding of fact there is no exception, except the general exception to all the findings of fact.   The court also found the following, viz.: "That the subject of disposing of his estate to his children was duly considered by the said Andrew Snyder, Sr., at as early a period as the time when the oldest son, *Andrew Snyder, Jr.*, became twenty-one years of age, to wit, 1861, when he determined that he would not divide his estate nor give any of his property absolutely to his children until his decease, which he would do by his last will and testament, to which he adhered until his death, except as hereinafter set forth, but that he would provide each of his sons, respectively, with a farm, for his use and occupation, as soon after his marriage as he might desire, and that without cost or condition, except that the son should continue to work at home until such marriage, that the taxes thereon should be paid by him as long as he had the use of the same, that he would keep and work it in

a good and husband-like manner while he occupied it, and that he would behave and conduct himself like a good man, with the understanding that the father would at the time of his death, in case the son should meet those conditions and requirements, devise the same to him by his last will and testament, the title and ownership, however, to be and remain in the father until so disposed of by his said last will and testament; and that he might make money advancements to his daughter as hereinafter set forth." The facts thus found seem to be supported by the evidence as a whole.

Upon these findings of fact, it seems to us that the learned circuit court properly adjudged that there was not sufficient evidence upon which to base a judgment for the specific performance of the alleged parol agreement for the conveyance of the land. From all the evidence in the case, it is apparent that, when Anthony Snyder went into the possession of the farm in question, it was the understanding that no conveyance of the same should be made to him during the life of his father, and, if the title ever came to him, it was to come by a devise, to be made by the will of the father, to take effect at his decease. The son having died more than twelve years before the father, the agreement under which the son entered into possession could not be carried out as the parties intended it should, and there is nothing that a court of equity could enforce in favor of the widow and children. The evidence in the case shows that the deceased, Andrew Snyder, Sr., has not dealt unjustly or inequitably by the widow and children of his deceased son, during his life-time, or at his death. It is evident from the whole tenor of the evidence that the father-in-law and the grandfather has been the mainstay and support of the widow and his infant grandchildren during his life-time, and that, considering his means, he did not deal unjustly by them at his death, and the guardian of the grandchildren accepts

the provision made for them by the will of their grand-father. There certainly can be no complaint made, so far as the grandchildren are concerned, and, if his omission to make any provision in his will for his daughter-in-law seems to be unjust, it is beyond even the power of a court of equity to remedy the injustice, and it certainly cannot be relied upon as a reason for enforcing a parol agreement for the conveyance of the farm, when the evidence is of such a character as would not justify its enforcement in favor of the children of the deceased Anthony.

The case seems to have been fairly tried, and the judgment of the learned circuit judge is well supported by the evidence.

*By the Court.*— The judgment of the circuit court is affirmed.